| | |
|---|---|
| KENNETH LEE RUCKER, | ) |
| | ) |
|     *Plaintiff* | ) |
| | ) |
| v. | )    No. 2:13-cv-218-DBH |
| | ) |
| CAROLYN W. COLVIN, | ) |
| *Acting Commissioner of Social Security,* | ) |
| | ) |
|     *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing past relevant work as an auto salesperson, motorcycle salesperson, and salesperson/general merchandise. The plaintiff seeks reversal and remand on the bases that the administrative law judge (i) failed to evaluate his obesity in accordance with Social Security Ruling 02-1p ("SSR 02-1p"), (ii) improperly rejected an opinion of treating physician Charles Burns, M.D., and (iii) erred in evaluating his credibility. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 8) at 2-8. I find no reversible error and, accordingly, recommend that the court affirm the decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), as amended January 1, 2013, which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on March 14, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2012, Finding 1, Record at 16; that he had severe impairments of degenerative disc disease involving facet joint disease of the lumbar spine, obesity, emphysema, and sleep apnea, Finding 3, *id.*; that he retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except that he could not climb ladders, ropes, or scaffolds, could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, could not frequently reach overhead, and could not work in concentrated exposure to respiratory irritants, Finding 5, *id.* at 18; that he was capable of performing past relevant work as an auto salesperson, motorcycle salesperson, and salesperson, general merchandise, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id.* at 21; and that he, therefore, was not disabled from May 1, 2008, his alleged onset date of disability, through the date of the decision, January 19, 2012, Finding 7, *id.* at 21. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20

C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

### A. Asserted Failure To Evaluate Obesity Properly

The administrative law judge's discussion of the plaintiff's severe impairment of obesity consisted of the following:

> While the claimant is obese . . ., he has not asserted with particularity how his obesity affects his residual functional capacity beyond extreme fatigue and pain. The medical expert [Peter Webber, M.D.] testified this is a pain case with obesity and deconditioning, acknowledged the pain determination was "very subjective", that central and obstructive sleep apnea was established with a "mixed" cause of "maybe medication and obesity"; but in any event, found "no fault" with the DDS [Disability Determination Services] opinion [that of J.H. Hall, M.D.].

Record at 20 (citation omitted).

The plaintiff argues that, in contravention of SSR 02-1p, which requires an individualized assessment of the effects of obesity, the administrative law judge failed to explain how, if at all, he took the condition into account. *See* Statement of Errors at 2-3; SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2013), at 257 ("An assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.").

3

He argues that the error was not harmless because (i) the administrative law judge improperly rejected Dr. Burns' opinion that he was unable to complete a normal work schedule without undue interruptions and absences due to factors that included pain and fatigue, (ii) as the administrative law judge acknowledged, he testified to extreme fatigue and pain, and (iii) SSR 02-1p acknowledges that fatigue may limit an obese person's ability to sustain work activity, particularly in cases in which a claimant is diagnosed with sleep apnea, and that obesity may exacerbate pain and limitations from arthritis affecting a weight-bearing joint. *See* Statement of Errors at 3-4; SSR 02-1p at 257 & n.5. He analogizes his case to *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011), and *Fothergill v. Astrue*, No. 2:11-cv-247-DBH, 2012 WL 1098444 (D. Me. Mar. 29, 2012) (rec. dec., *aff'd* Apr. 17, 2012), in which this court held that administrative law judges committed reversible error when they found severe impairments of obesity without any concomitant limitations, in violation of SSR 02-1p. *See* Statement of Errors at 5.

The commissioner concedes that the administrative law judge erred in failing to explain how he accounted for the effects of obesity. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 9) at 2, 4. However, she contends that the error is harmless, and that this case is materially distinguishable from *Kaylor* and *Fothergill,* in that he relied on the RFC opinion of Dr. Hall, who had expressly taken the plaintiff's obesity into account. *See id*. at 3. The commissioner is correct. In *Kaylor* and *Fothergill*, there was no reliance on the opinion of an expert who had expressly accounted for obesity. *See Kaylor*, 2010 WL 5776375, at *3; *Fothergill*, 2012 WL 1098444, at *3. By contrast, in this case, Dr. Hall listed morbid obesity as one of the plaintiff's primary diagnoses and cited obesity and back pain in assessing postural limitations. *See* Record at 831, 833.

As the commissioner further argues, *see* Opposition at 4, because the administrative law judge took into account the effects of obesity by virtue of his reliance on the Hall opinion, the burden shifted to the plaintiff to demonstrate additional limitations that he claims were omitted, *see, e.g., Fothergill*, 2012 WL 1098444, at *3-*4. The plaintiff identifies Dr. Burns' opinion, bolstered by his own testimony and SSR 02-1p, that he was unable to complete a normal work schedule without undue interruptions and absences due to factors that included pain and fatigue. *See* Statement of Errors at 3-4. Yet, for the reasons discussed below, the administrative law judge supportably rejected the Burns opinion. At oral argument, the plaintiff's counsel also pointed out that Dr. Webber testified that the plaintiff's arthritis was aggravated by obesity. *See* Record at 62 (plaintiff had symptoms ascribed to "meralgia paresthetica," which often is "found in people who are overweight because . .. . the obesity compresses a nerve more distally than its origin at the spinal level"). Yet, Dr. Webber testified that he could not find fault with the RFC opinion of Dr. Hall. *See id*. at 63-64.

The administrative law judge's error in failing to explain the effects of obesity, accordingly, was harmless.

**B. Rejection of Burns RFC Opinion**

The plaintiff next seeks reversal and remand on the basis that the administrative law judge erred in rejecting Dr. Burns' physical RFC opinion. *See* Statement of Errors at 6.

Dr. Burns completed an RFC questionnaire dated April 15, 2010, in which he stated, *inter alia*, that, (i) due to back and leg pain, the plaintiff could sit, stand, or walk for no more than one hour each in a workday, and for only a few minutes at a time, and could lift or carry only up to 10 pounds occasionally, (ii) the plaintiff could never squat, crawl, climb, stoop, or crouch and could only occasionally reach above or kneel, and (iii) due to chronic back pain, stiffness,

5

anxiety, and fatigue, the plaintiff could not complete an eight-hour day, 40-hour workweek on a sustained, ongoing basis without undue interruptions or absences. *See* Record at 781-84. He stated that the plaintiff's condition had been ongoing for more than two years without response to physical therapy, injections, or a pain management program, and he was severely limited and unable to work. *See id*. at 784. He noted that the long-term goal for the plaintiff was significant weight loss and reconditioning, with a need to lose approximately 100 pounds. *See id*.

By contrast, in his November 10, 2010, assessment, Dr. Hall deemed the plaintiff able, *inter alia*, to lift/carry up to 20 pounds occasionally and 10 pounds frequently, stand, walk, or sit with normal breaks for about six hours in an eight-hour workday, occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl and never climb ladders, ropes, or scaffolds. *See id*. at 832-33. Dr. Hall checked a box indicating that he disagreed with Dr. Burns' RFC assessment, explaining, "The medical evidence including Dr. Burns' findings do[es] not support the extensive restrictions[,]" and the "[r]easons cited were simply back and right leg pain." *Id*. at 837.

During the plaintiff's hearing, the administrative law judge asked Dr. Webber whether there was "any subsequent evidence of record that would make [Dr. Hall's opinion] an unreasonable RFC or not medically appropriate[.]" *Id*. at 63. Dr. Webber responded: "You know, I see it as basically a pain disorder that – with an obesity component to it and deconditioning so that I can't find fault with that or say because it's a very subjective type of situation in part." *Id*. at 64. The plaintiff's counsel then inquired whether, on the other hand, Dr. Webber would "have any reason to disagree with the assessment of Dr. Burns[.]" *Id*. Dr. Webber stated, "Not particularly, no[,]" and agreed that the Burns assessment "could be conceivable" given the medical record, and the symptoms to which the plaintiff had testified

6

"could also be reasonably consistent with the medical record[.]" *Id*. at 64-65. On further examination by both the administrative law judge and the plaintiff's counsel, Dr. Webber clarified that, although there would be "some definitive limitations" from cervical spine surgery, "the rest of it is . . . mostly subjective." *Id*. at 65. He noted that he did not mean to imply that either the Burns or Hall assessment was more subjective, but that it was "a chronic pain" disorder, and "most of those have to be significantly subjective . . . to a point." *Id*. at 65-66.

The administrative law judge gave little weight to the Burns assessment on the basis that it was "not supported by the objective medical findings, and appear[ed] to be based on the [plaintiff's] statements regarding his limitations, which, for the reasons discussed above, are not entirely credible." *Id.* at 20. He gave great weight to Dr. Hall's assessment, which he found "in accord with the overall evidence." *Id*. (citation omitted). He explained that, "[f]or the same reason, great weight is given to Dr. Webber's testimony that he cannot find a medical basis in the evidence to dispute [the Hall] opinion, and that the [plaintiff's] purported degree of pain is 'very subjective.'" *Id*. at 21.

The plaintiff complains that the administrative law judge (i) inaccurately stated that Dr. Burns' limitations were not supported by objective medical findings, despite finding that the plaintiff's diagnoses could reasonably cause those limitations, (ii) failed to take into account the effects of obesity, (iii) ignored Dr. Webber's testimony that Dr. Burns' opinion was as reasonable as that of Dr. Hall, and (iv) failed to follow procedures for evaluating treating source opinion set forth in 20 C.F.R. § 404.1527, Social Security Ruling 96-2p ("SSR 96-2p"), and Social Security Ruling 96-5p ("SSR 96-5p"). *See* Statement of Errors at 6.

The commissioner rejoins that (i) the plaintiff insufficiently develops his argument that the administrative law judge failed to follow applicable procedures, thereby waiving it, and, in

7

any event, the administrative law judge provided the requisite good reasons for his handling of the Burns opinion, (ii) the critical question was not whether the plaintiff's impairments could have limited him to the degree found by Dr. Burns but whether they actually did so, and the administrative law judge supportably found that they did not, (iii) the administrative law judge properly accounted for the plaintiff's obesity, and (iv) Dr. Webber did not testify that Dr. Burns' opinion was just as reasonable as that of Dr. Hall but rather that, because this was a pain case, the plaintiff's true level of limitation would depend on the credibility of his subjective complaints. *See* Opposition at 5-7.

The commissioner has the better argument. She correctly notes that, because the plaintiff neglects to detail how, in his view, the administrative law judge failed to follow requisite procedures, his argument on that point is too undeveloped to be cognizable. *See, e.g., Graham v. United States,* 753 F.Supp. 994, 1000 (D. Me. 1990) ("It is settled beyond peradventure that issues mentioned in a perfunctory manner, unaccompanied by some effort at developed argumentation are deemed waived.") (citation and internal quotation marks omitted).

In any event, an administrative law judge may give a treating source opinion little weight or reject it, provided that he or she supplies "good reasons" for so doing. *See, e.g.,* 20 C.F.R. § 404.1527(c)(2) ("[The commissioner] will always give good reasons in [her] notice of determination or decision for the weight [she] give[s] [a claimant's] treating source's opinion."); SSR 96-5p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2013), at 127 (even as to issues reserved to the commissioner, "the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)"). Slavish

discussion of the relevant factors is not required. *See, e.g., Golfieri v. Barnhart*, No. 06-14-B-W, 2006 WL 3531624, at *4 (D. Me. Dec. 6, 2006) (rec. dec., *aff'd* Dec. 29, 2006).[2]

The administrative law judge gave a good reason for his handling of the Burns RFC opinion: that it appeared to be premised on the plaintiff's subjective assertions, which he did not find entirely credible. His conclusion that the plaintiff's claimed symptoms were largely subjective was supported by Dr. Hall's explanation that physical examinations and MRIs did "not support the degree of pain and limitations alleged[,]" Record at 836, and by Dr. Webber's testimony that this was a chronic pain case with a significant subjective component and that he could find no fault with the Hall RFC opinion, *see id*. at 63-66.[3] In turn, for the reasons discussed below, the administrative law judge's conclusion that the plaintiff's subjective complaints were not entirely credible is supportable by substantial evidence. Any error in failing to mention Dr. Webber's testimony regarding the Burns opinion is harmless: the central question presented, as Dr. Webber's testimony made clear, was the credibility of the plaintiff's subjective complaints. Finally, for the reasons discussed above, the administrative law judge adequately took into account the effects of the plaintiff's obesity by virtue of his reliance on the Hall opinion.

For all of these reasons, the plaintiff falls short of demonstrating reversible error in the administrative law judge's handling of the Burns physical RFC opinion.

---

[2] The relevant factors are: (i) examining relationship, (ii) treatment relationship, including length of the treatment relationship, frequency of examination, and nature and extent of the treatment relationship, (iii) supportability – *i.e.,* adequacy of explanation for the opinion, (iv) consistency with the record as a whole, (v) specialization – *i.e.*, whether the opinion relates to the source's specialty, and (vi) other factors highlighted by the claimant or others. *See* 20 C.F.R. § 404.1527(c).

[3] The administrative law judge further noted that an MRI of the plaintiff's lumbar spine in March 2010 revealed degenerative changes that Dr. Burns termed "mild" and another treating source, pain management specialist Daniel Lalonde, Jr., M.D., described as "minimal[,]" and that Dr. Lalonde stated that the OxyContin prescribed for the plaintiff was too strong for his "benign back pain condition." Record at 19.

## C. Credibility Determination

The plaintiff finally challenges the administrative law judge's negative credibility determination, which he terms "one-sided, selective and inaccurate." Statement of Errors at 7. He argues that the administrative law judge erred in drawing a negative inference from his ability to work at a job with accommodation, as well as from his ability to engage in other activities that were in no way indicative of full-time work capacity, such as riding a bicycle for up to an hour and taking a trip in an attempt to save his marriage. *See id.*

With respect to the job, the administrative law judge found:

> While the [plaintiff] has a good work record, which is a positive credibility factor, [his] work activity . . ., performed after he filed a claim for disability and before his amended alleged onset of disability, does not support [his] credibility [and], considered in the context of his testimony of a lack of change in his condition, does not support his claim. The [plaintiff] initially applied for benefits on August 24, 2006, alleging disability beginning January 20, 2005. He was denied initially on January 19, 2007. After this denial, [he] worked in 2007, earning $27,739.00 and into 2008, earning $6,588.77. [He] testified he left this job in 2008 because a new manager refused to allow him a sit/stand option at work. [He] testified there has been no change in his condition since this work activity. In the absence of a change in diagnosis, symptoms or abilities, this work activity over an approximate 18 month period is evidence of [his] residual functional capacity, and is given limited weight.

Record at 19 (citation omitted). The plaintiff complains that the administrative law judge mischaracterized his testimony, which was that he had been accommodated not only with a sit-stand option but also by being allowed to miss time and take unscheduled breaks. *See* Statement of Errors at 7; Record at 33, 47-50. At oral argument, his counsel contended that such accommodations would not be made in competitive employment, and that his work attempt, therefore, should have been viewed as bolstering his claimed disability. He argued that, in fixating on the work attempt, the administrative law judge had prejudged his client's whole case.

The plaintiff is correct that the administrative law judge overlooked the fact that he testified that his manager in 2007 and 2008 permitted him not only to sit and stand as needed but also to miss many days of work because of pain. *See id*. at 33. The plaintiff cites no authority for the proposition that a person requiring these accommodations would be disabled; however, assuming that to be the case, the error is harmless. The administrative law judge stated that he gave "limited weight" to the plaintiff's work attempt, *see id*. at 19, and he made a number of other observations about his activities, stating:

> The [plaintiff's] testimony regarding his degree of functional limitation is inconsistent with the documentary evidence. His allegation that he cannot exercise for longer than ten minutes at a time is contradicted by information contained in records from Central Maine Bariatric Center. CMBC records from June 2011 indicate that [he] was "biking 60 minutes 3 days a week," and had recently joined a gym. In July 2011, [he] reported "walking as well as bike riding 15 to 60 minutes 3 times weekly." Furthermore, CMBC records tend to contradict the [plaintiff's] testimony regarding the degree of assistance he receives in taking care of his son. CMBC notes from April 2011 indicate that [his] "busy life," which included caring for his son, was a "significant barrier" to his preparation for weight loss surgery. In May 2011, the [plaintiff] stated that he was busy "all day" with his son, who did not take naps and did not go to bed until 11:00 PM. The [plaintiff] indicated that he was too occupied with childcare duties to track his nutritional intake. Primary care records dated April 2011 show that the [plaintiff] was going to visit Las Vegas and California the following month.
>
> ∗∗∗
>
> Pulmonologist's records from August 2011 show that [he] indicated that he was not experiencing any shortness of breath going up stairs unless "he hurries or carries a load," which implies that he did engage in those activities. Those records also indicate that the [plaintiff] was not currently in pain.

*Id*. (citations omitted). The plaintiff contends that the administrative law judge's reliance on these other activities was misplaced because they are not indicative of full-time work capacity and, hence, were not appropriately cited as negative credibility factors. *See* Statement of Errors at 7. He cites *Ormon v. Astrue*, 497 Fed. Appx. 81 (1st Cir. 2012), for the proposition that "there

is a difference between a person's being able to engage in sporadic physical activities and . . . being able to work eight hours a day five consecutive days of the week." *Id*. at 7-8 (quoting *Ormon*, 497 Fed. Appx. at 87).

However, while a claimant's activities of daily living, standing alone, do not constitute substantial evidence of a capacity to undertake full-time remunerative employment, *see, e.g., Eaton v. Astrue,* Civil No. 07–188–B–W, 2008 WL 4849327, at *5 (D. Me. Nov. 6, 2008) (rec. dec., *aff'd* December 1, 2008), an administrative law judge properly may take such activities into consideration in assessing the credibility of a claimant's allegations, *see, e.g., Nolan v. Astrue,* Civil No. 09–323–P–H, 2010 WL 2605699, at *7 n. 4 (D. Me. June 24, 2010) (rec. dec., *aff'd* July 28, 2010).

The administrative law judge supportably took into account inconsistencies between the plaintiff's reported limitations and his activities in resolving a conflict in the medical opinion evidence regarding the extent of his physical work capacity.

Moreover, as the commissioner observes, *see* Opposition at 8-9, the plaintiff does not challenge the full panoply of evidence on which the administrative law judge relied in reaching his credibility determination; for example, that treating physicians described an MRI of his lumbar spine as revealing "mild" or "minimal" degenerative changes, *see* Record at 19.

In these circumstances, there is no basis on which to disturb the administrative law judge's credibility determination. *See, e.g., Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987) ("The credibility determination by the ALJ, who observed the claimant, evaluated his demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings."); *Allen v. Astrue*, No. 2:10-cv-35-DBH, 2010 WL 5452123, at *2 (D. Me. Dec. 28, 2010) (rec. dec., *aff'd*

Jan. 18, 2011) ("Even assuming *arguendo* that the administrative law judge erred in certain of the cited respects, her thorough and detailed credibility analysis remains supported by specific findings and, hence, entitled to deference.").

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge